IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SWVA, INC., a Delaware corporation,
occasionally d/b/a SWVA and/or
STEEL OF WEST VIRGINIA,

           Plaintiff,

v.                                      CIVIL ACTION NO. 3:09-0074

WILLIAM EARL LIND, JR.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Dismiss Counterclaim of Plaintiff SWVA, Inc. (doc. 18). For the following reasons, the Court **GRANTS** this motion.

**I. Legal Standard**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which has long been used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 562. In its place, courts must now look for "plausibility" in the pleading. This standard requires a plaintiff to set forth "grounds" for an "entitle[ment] to relief" that are more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal quotations and citations omitted). Accepting the factual allegations in the pleading as true, the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the pleading, assuming their truth, do "not raise a claim of entitlement

to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 550 U.S. at 558. (internal quotations and citations omitted). Ultimately, the Court must apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (italics in original). It is under this revised standard that the Court must evaluate Plaintiff's Complaint in light of Defendant's 12(b)(6) motion.

## II. Discussion

As an initial matter, the Court observes that both Defendant's Amended Answer and Counterclaims (doc. 19), as well as his omnibus Response in Opposition to Plaintiff's Motion to Dismiss Counterclaim, Motion to Amend Counterclaim, and Memorandum in Support, and Amended Answer & Counterclaim (doc. 20), contain essentially no facts.[1] "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Erickson v. Pardus*, 551 U.S. 93 (2007) (quoting *Twombly*, 550 U.S. at 555) (other citations and some internal quotations omitted)), but Defendant still must meet the plausibility standard of *Twombly*. If a pleader does not make at least "some factual allegations" in conjunction with his claim, this defect may "render the claim [*im*]*plausible*." *Iqbal*, 490 F.3d at 157-58 (italics in original).

---

[1] Perhaps this shortcoming comes as no surprise. Document 20, which purports to accomplish so many things, is barely a page.

**A. Defamation**

"In West Virginia, the essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Crump v. Beckley Newspapers*, 320 S.E.2d 70, 77 (W. Va. 1984) (citing *Havalunch, Inc. v. Mazza*, 294, S.E.2d 70, 73-74 (W. Va. 1981)). In his amended counterclaim, Defendant alleges that, "upon information and belief, prior to the institution of the lawsuit, various management agents of Plaintiff made defamatory statements that defendant committed various theft of SWVA's property . . . ." *Defendant's Amended Answer and Counterclaim*, at ¶ 1. He then lists the other elements of a defamation claim. Even accepting as true the factual allegations of the amended counterclaim, to the extent that it contains any, these allegations are not "enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Defendant has not set forth "grounds" for an "entitlement to relief," as *Twombly*'s plausibility standard requires. *Id.* Rather, he has offered the Court only mere "labels and conclusions," but this "formulaic recitation of the elements of a cause of action will not do." *Id.* Under *Twombly*, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. Accordingly, Defendant's defamation claim is dismissed.

**B. Intentional Infliction of Emotional Distress**

A claim for intentional or reckless infliction of emotional distress requires the claimant to plead:

> (1) that the defendant's conduct was atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency; (2) that

-3-

> the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Brown v. City of Fairmont*, 655 S.E.2d 563, 569 (W. Va. 2007) (internal citations and quotations omitted). This claim suffers from the same defects as Defendant's defamation claim, perhaps to a greater extent. While in his defamation claim Defendant arguably made at least the most rudimentary of factual allegations, that "various management agents of Plaintiff made defamatory statements that defendant committed various thefts of SWVA's property . . . ," Defendant's intentional infliction of emotional distress claim contains literally *zero* facts. *Defendant's Amended Answer and Counterclaim*, at ¶ 1. For the reasons mentioned above, the Court dismisses this claim.

### C. Abuse of Process

"'Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process.'" Syl. pt. 3, *Williamson v. Harden*, 585 S.E.2d 369 (2003) (quoting Syl. pt. 2, *Wayne County Bank v. Hodges*, 338 S.E.2d 202 (W. Va. 1985)). In light of Defendant's woefully inadequate counterclaim, the Court believes that his claim of abuse of process demonstrates chutzpah at best, and impunity at worst. In any event, the claim suffers from the same defects as his defamation and intentional infliction of emotional distress claims. It effectively lists the elements of abuse of process and does not rise above mere speculation. The claim is not "plausible," and is therefore dismissed.

## III. Conclusion

Pending before the Court is the Motion to Dismiss Counterclaim of Plaintiff SWVA, Inc. (doc. 18). For the foregoing reasons, the Court **GRANTS** this motion.

ENTER: May 21, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE